17-1697(L)
Pilchman v. National Labor Relations Board

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of December, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             JOSEPH F. BIANCO,
                      *Circuit Judges*.

_____

ROBERT PILCHMAN,

     *Plaintiff-Appellant*,

    v.                                                        17-1697(L)
                                                          20-52(con)
                                                          20-66(con)

NATIONAL LABOR RELATIONS BOARD, NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, NEW YORK STATE DIVISON OF HUMAN RIGHTS, BROOKLYN PUBLIC LIBRARY, BROOKLYN LIBRARY GUILD LOCAL 1482 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, DISTRICT COUNCIL 37 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO,

     *Defendants-Appellees*.

_____

Appearing for Appellant:              Robert Pilchman, pro se, Brooklyn, N.Y.

Appearing for Appellee
National Labor Relations Board:    Kevin P. Flanagan, Dalford Dean Owens, Jr., Peter B. Robb, Alice B. Stock, Nancy E. Kessler Platt, William G. Mascioli, National Labor Relations Board, Washington, D.C.

Appearing for Appellee New York
State Public Employment Relations
Board and New York State Division
of Human Rights:    Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior Assistant Solicitor General, Amit R. Vora, Assistant Solicitor General, *for* Letitia James, Attorney General State of New York, New York, N.Y.

Appearing for Appellee
Brooklyn Public Library:    Clifford R. Atlas, Daniel D. Schudroff, Katherine Kettle Di Prisco, Jackson Lewis P.C., New York, N.Y.

Appearing for Appellee
Brooklyn Library Guild Local 1482
of the American Federation of
State, County and Municipal
Employees, AFL-CIO and
District Council of State, County
and Municipal Employees,
AFL-CIO:    Robin Roach, Steven Edward Sykes, District Council 37, AFSCME, AFL-CIO, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J*., Kuntz, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and it hereby is **AFFIRMED**.

Robert Pilchman appeals from the dismissal of his complaints against the National Labor Relations Board ("NLRB"), the New York State Public Employment Relations Board ("PERB"), the New York State Division of Human Rights, his former employer the Brooklyn Public Library ("Library"), and his union. In his first action, Pilchman alleged that the general counsel of the NLRB improperly declined to issue an unfair labor practice complaint, and the PERB improperly denied his application for injunctive relief against the Library. *Pilchman v. National Labor Relations Board,* 14-cv-7083 (E.D.N.Y.) ("*Pilchman I*"). In the second, he reiterated his claims and further alleged that the defendants had not complied with his Freedom of Information Act and New York's Freedom of Information Law requests. *Pilchman v. National Labor Relations Board,* 15-cv-3176 (E.D.N.Y.) ("*Pilchman II*"). In the third, he sued only the Library and alleged

that the library had violated his First Amendment rights. *Pilchman v. Brooklyn Public Library*, E.D.N.Y. 15-cv-3641 ("*Pilchman III*"). The district court dismissed the first action, reasoning that it lacked jurisdiction to review a decision of the NLRB general counsel not to issue an unfair labor practice complaint and declining to exercise supplementary jurisdiction over his remaining state law claims. The court dismissed the second and third actions for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The issue underlying the district court's dismissals of *Pilchman I* and *II* is whether the district court had jurisdiction to review a decision of the NLRB general counsel not to issue an unfair labor practice complaint. The district court did not have such jurisdiction.

The district court had jurisdiction "only if authorized by statute." *Bell v. New Jersey*, 461 U.S. 773, 777 (1983). Typically, federal court review of agency decisions is governed by the Administrative Procedure Act, unless some other statute "preclude[s] judicial review." 5 U.S.C. § 701(a)(1). The Supreme Court has held that the National Labor Relations Act is such a statute. *See N.L.R.B. v. United Food and Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 130–33 (1987). The NLRA provides that "[a]ny person aggrieved by a final order of the Board … may obtain a review of such order in any United States *court of appeals* in the circuit wherein the unfair labor practice in question was alleged to have been engaged in . . . by filing in such a court a written petition praying that the order of the Board be modified or set aside." 29 U.S.C. § 160(f) (emphasis added).

Thus, the NLRA does not provide for district court jurisdiction to review NLRB decisions. This Court lacks jurisdiction over the general counsel's decision because it is not a final order within the meaning of 29 U.S.C. § 160(f); *see United Food and Commercial Workers Union Local 23*, 484 U.S. at 129. While we have recognized a potential exception when there is an assertion of a violation of constitutional rights which is "not transparently frivolous." *Fay v. Douds*, 172 F.2d 720, 723 (2d Cir. 1949), Pilchman does not allege any constitutional violations by the NLRB. Accordingly, the district court lacked jurisdiction to review the NLRB general counsel's decision and was required to dismiss Pilchman's claim against the NLRB. Because Pilchman's claim against the NLRB was the only federal claim in his first action, the district court properly declined to exercise supplemental jurisdiction over his claims against the remaining defendants. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

We have considered the remainder of Pilchman's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3